UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ABNER ARSHADNIA,                                           :
          Plaintiff,                                :
                                            :        **SUMMARY ORDER OF REMAND**
      -against-                                          :
                                            :        **23-cv-8639(DLI)(PK)**
BEST BUY CO., INC.,                                        :
          Defendant.                               :
----------------------------------------------------------x

**DORA L. IRIZARRY, United States District Court Judge:**

        On October 3, 2023, Abner Arshadnia ("Plaintiff") filed this breach of contract action in New York State Supreme Court, Queens Country ("state court") against Best Buy Stores, L.P. ("Defendant") (improperly sued by Plaintiff as "Best Buy Co., Inc."), alleging damages in connection with Defendant's failure to deliver commercial goods purchased by Plaintiff. *See*, Complaint ("Compl."), Dkt. Entry No. 2-2. On November 21, 2023, Defendant removed the action to this Court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See*, Removal Notice ("Notice"), Dkt. Entry No. 2 ¶ 8. To date, Plaintiff has not filed a motion for remand. For the reasons set forth below, this case is remanded to state court *sua sponte* for lack of subject matter jurisdiction.

**DISCUSSION**

        As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute to authorize a district court to remand a case *sua sponte* at any time upon a finding that it lacks subject matter jurisdiction. *See*, *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

Where, as here, a defendant removes a case based on diversity jurisdiction, the defendant bears the burden of establishing that the requirements of diversity jurisdiction have been met. *See, Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). Pursuant to 28 U.S.C. § 1332(a), the removing party must establish that: (1) the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of costs and interest; and (2) there is complete diversity of citizenship of the parties. *Id.* Here, the Court finds that Defendant has failed to meet its burden of establishing the amount in controversy, warranting remand.

A removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]," exclusive of interest and cost. *United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (internal citations omitted); 28 U.S.C. § 1332(a). This reasonable probability must be based on, "*plausible factual allegations* — either in the underlying state court complaint or in the defendant's notice of removal — supporting a determination that the value of the claim exceeds $75,000." *Vaghela-Omanoff v. Ryder Truck Rental, Inc.*, 2019 WL 2193820, at *1 (S.D.N.Y. May 21, 2019) (citing *Lupo*, 28 F.3d at 273-74) (internal citations and quotation marks omitted). Here, Defendant has not established that the amount in controversy requirement is met and, thus, has not established this Court's subject matter jurisdiction, warranting remand.

In the Notice, Defendant states that the amount in controversy is met because "Plaintiff alleges that this incident caused him to suffer [a loss of] '. . . at least $75,000.00 plus interest, costs and disbursements of this action.'"  Notice at ¶ 8.  While Plaintiff alleges several times in the complaint that he was damaged in the sum of at least $75,000 plus interest, costs and disbursements, these statements must be supported by plausible factual allegations that the amount in controversy does in fact exceed $75,000.  *See*, Compl. at ¶¶ 6, 11, 16, and 19; *Vaghela-Omanoff*, 2019 WL 2193820, at *1. Here there are no such allegations.

This case is based on Defendant's alleged failure to deliver some portion of an order of commercial goods and the delivery of some of the goods in damaged condition.  Compl. at ¶ 4. The total value of all the goods at issue was $24,025 at the time of purchase on October 31, 2022. *Id*., at ¶ 3.  As a result of Defendant's alleged failure to deliver the goods timely, Plaintiff purportedly was unable to obtain a certificate of occupancy for his home.  *Id.*, at ¶ 5.

Even assuming all Plaintiff's allegations are true, the Court cannot conclude to a reasonable probability that the amount in controversy is more than $75,000.  Neither the Complaint nor the Notice of Removal provide any facts explaining how a dispute over goods worth $24,025, less than one-third of the jurisdictional threshold, creates a case where damages plausibly might exceed $75,000.  Plaintiff's inability to obtain a certificate of occupancy conceivably might increases the damages suffered, especially if Plaintiff anticipated obtaining rental income.  However, this is pure speculation because neither party alleges any facts to support this conclusion, and speculation is impermissible when the Court's subject matter jurisdiction is at issue.

These pleadings do not provide sufficient facts to enable the Court to "draw a reasonable inference—as opposed to speculating—that the damages or amount in controversy exceeds $75,000."  *See, e.g., Minaudo v. Sunrise at Sheepshead Bay*, 2023 WL 110359, at *3 (E.D.N.Y.

3

Jan. 5, 2023) (collecting cases remanded for failure to establish amount in controversy, even where permanent, serious, and fatal injuries were alleged because allegations did not particularize extent of injuries or damages); *Thurlow v. Costco Wholesale Corp.*, 2017 WL 387087, at *2 (W.D.N.Y. Jan. 27, 2017) (finding defendant had not met burden to establish amount in controversy upon removal when plaintiff suffered "a non-displaced fracture of the left radial head and a rupture of the lateral ulnar collateral ligament" and underwent surgery to repair her injury). Accordingly, Defendant has failed to establish with reasonable probability that the amount in controversy requirement is met for purposes of establishing diversity jurisdiction, warranting remand.

## CONCLUSION

For the reasons set forth above, this case is remanded for lack of subject matter jurisdiction to New York State Supreme Court, Kings County, under Index No. 522785/2022, for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
December 6, 2023

/s/
_____
DORA L. IRIZARRY
United States District Judge

4